**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CAMILLE WALTERS, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>SENTRY CREDIT, INC.<br><br>Defendant. | **CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff CAMILLE WALTERS (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through her attorneys, Joseph H. Mizrahi Law, P.C., against Defendant SENTRY CREDIT, INC. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §1692(b),(c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt

collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

6. Defendant's actions violated § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the "FDCPA," which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. Upon information and belief, Defendant's principal executive office is located in Everett, WA.

10. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in

business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined by the FDCPA under 15 U.S.C. § 1692a (6).

## CLASS ALLEGATIONS

12. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

- Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using the same unlawful form letter herein, from one year before the date of this Complaint to the present.

- The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that state an interest charge without clarifying whether that interest is continuing to accrue, in violation of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.   Whether Defendant violated various provisions of the FDCPA;

    b.   Whether Plaintiff and the Class have been injured by Defendant's

3

       conduct;

   c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed

proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**ALLEGATIONS PARTICULAR TO CAMILLE WALTERS**

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15. Some time prior to August 25, 2017, an obligation was allegedly incurred by Plaintiff to Nordstrom FSB.

16. The aforesaid obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The alleged obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

18. Nordstrom FSB is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

19. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

20. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

21. At a time known only to Defendant, Nordstrom FSB, directly or through an intermediary, contracted Defendant to collect Nordstrom FSB's debt.

22. In its effort to collect on the Nordstrom FSB obligation, Defendant contacted Plaintiff by written correspondence on August 25, 2017.  See Exhibit A.

23. The Letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

24. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

25. The Letter states in pertinent part: "Interest: $317.16."

26. The Letter further states: "Current Interest Rate: $0.00%."

27. However, despite the accrual of Interest, the Letter fails to state whether that balance is static or dynamic in violation of this Circuit's case law, as "**Current** Interest Rate" implies that the rate is subject to change.

28. As set forth in the following Counts Defendant violated the FDCPA.

**First Count**
**Violation of 15 U.S.C. § 1692e**
**Misleading Representations Regarding Amount of Debt**

29. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "28" herein with the same force and effect as if the same were set forth at length herein.

30. 15 U.S.C. § 1692e provides:

    A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
    (2) The false representation of –

    the character, amount, or legal status of any debt; or

    (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

31. The "Total Balance" in this case was for an amount that included original principal and contractual interest.

32. Collection notices that state only the Balance Due but do not disclose that the balance might increase due to interest are "misleading" within the meaning of Section 1692e.

33. As the amount due already accrued Interest in the amount of $317.16, Plaintiff was left uncertain as to whether the "Total Balance" was continuing to accrue interest, as the only disclosure that indicated otherwise was a "*Current* Interest Rate."

34. "Applying these principles, we hold that Plaintiffs have stated a claim that the collection

6

notices at issue here are misleading within the meaning of Section 1692e… a consumer who pays the "current balance" stated on the notice will not know whether the debt has been paid in full." *Avila v. Riexinger & Assocs., LLC*, Nos. 15-1584(L), 15-1597(Con), 2016 U.S. App. LEXIS 5327, at *10-11 (2d Cir. Mar. 22, 2016).

35. Defendant's statement that the "**Current** Interest Rate" is 0.00% does shield it from liability under the FDCPA because it has been held that stating a "Current" amount may imply that the amount is dynamic and subject to change.[1]

36. Plaintiff and the unsophisticated consumer would be led to believe that the Total Balance Due of $1,214.70 would remain as is and that paying the amount due would satisfy the debt irrespective of when payment was remitted.

37. Absent a disclosure by the holder of the debt that the automatic interest is waived, the Defendant and or the creditor could still seek the automatic interest…or sell the consumer's debt to a third party, which itself could seek the interest and from the consumer. *Avila*, at *10-11.

38. A debt-collector must disclose that interest is accruing, or in the alternative, it must disclose any such waiver.

39. Waiver of interest even when made explicitly, has not prevented debt-collectors from continuing to illegally charge the waived interest, at the bare minimum a debt collector must make clear to the least sophisticated consumer that it intends to waive the interest.

40. A consumer who pays the Total Balance Due of $1,214.70 stated on the collection letter will be left unsure whether the debt has been paid in full, as the Defendant could still collect on any

---

[1] *Thomas v. Midland Credit Management, Inc*., 217CV00523ADSARL, 2017 WL 5714722, at *4 (E.D.N.Y. Nov. 27, 2017), stating that "[h]ere, the Defendant argues that Avila is inapplicable because the letter is clear that interest is not accruing. The Court disagrees...while the letter states that interest and fees are zero at the time the letter was sent, it does not state whether interest would accrue at a later date. This is further clouded by the fact that the letter classifies the amount owed as the "**current** balance," implying that interest may accrue.

7

interest accumulated after the letters were sent but before the balance was paid.

41. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2) and 1692e(10) for misrepresenting the amount of the debt owed by the Plaintiff.

### Second Count
### 15 U.S.C. §1692e *et seq.*
### False or Misleading Representations as to Status of Debt

42. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "41" herein with the same force and effect as if the same were set forth at length herein.

43. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

44. Pursuant to 15 U.S.C. §1692e, a debt collector is prohibited from using false, deceptive, or misleading representation in connection with the collection of a debt.

45. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

46. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

47. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

48. By stating a "**Current** Interest Rate" without further clarification, "Defendant did not meet the minimum standard set out by *Avila*, because the letter does not state when, if ever, the amount owed by the Plaintiff would increase."[2]

---

[2] *Thomas v. Midland Credit Management, Inc*., 217CV00523ADSARL, 2017 WL 5714722, at *4 (E.D.N.Y. Nov. 27, 2017), stating that "[h]ere, the Defendant argues that Avila is inapplicable because the letter is clear that interest is not accruing. The Court disagrees...while the letter states that interest and fees are zero at the time the letter was sent, it does not state whether interest would accrue at a later date. This is further clouded by the fact that the letter classifies the amount owed as the "current balance," implying that interest may accrue.

49. Plaintiff's account was not subject to the accrual of interest, but by stating a "**Current** Interest Rate," Defendant falsely suggested that immediate payment of the balance would benefit Plaintiff by implying that the Balance would be subject to change, and could be subject to additional interest.

50. In the alternative, Plaintiff's account was accruing contractual interest, but Defendant's communication failed to adequately disclose same in light of *Avila*.

51. The Letter can reasonably be read by the least sophisticated consumer to have two or more meanings concerning the actual balance due, one of which must be inaccurate, in violation of 15 U.S.C. § 1692e.

52. Defendant's conduct constitutes a false, deceptive and misleading means and representation in connection with the collection of the debt, in violation of 15 U.S.C. § 1692e.

53. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to § 1692(e).

54. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Joseph H. Mizrahi Law, P.C., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys'

fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

> Respectfully submitted,
>
> By: /s/ Joseph H. Mizrahi
> Joseph H. Mizrahi, Esq.
> Joseph H. Mizrahi Law, P.C.
> 300 Cadman Plaza West. 12 Floor
> Brooklyn, New York 11201
> Phone: (917) 299-6612
> Fax:    (718) 425-8954
> Email: Joseph@Jmizrahilaw.com
> *Attorneys for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

> */s/ Joseph H. Mizrahi*
> Joseph H. Mizrahi, Esq.

Dated:   Brooklyn, New York
         December 15, 2017